UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>STEADFAST INSURANCE COMPANY, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-1382 JCM (VCF) |
| STEADFAST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAY HEATING PRODUCTS, INC., et al.,<br><br>Defendant(s). | Case No. 3:22-CV-335 MMD (CLB)<br><br>CONSOLIDATION ORDER |

Presently before the court are the matters of *Capitol Specialty Ins. Co. v. Steadfast Ins. Co.*, case no. 2:20-cv-01382-JCM-VCF (the "initial case") and *Steadfast Ins. Co. v. Ray Heating Products, Inc.*, case no. 3:22-cv-00335-MMD-CLB (the "subrogation case"). Steadfast Insurance Co., defendant in the initial case and plaintiff in the subrogation case, has moved to consolidate the matters (ECF No. 121 in the initial case). Capitol Specialty Insurance Company filed a response in opposition (ECF No. 124 in the initial case), to which Steadfast replied (ECF No. 129 in the initial case).

**James C. Mahan**
**U.S. District Judge**

Courts may consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). The district court has broad discretion over whether to order consolidation, and in doing so, "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "The court may make a determination to consolidate actions *sua sponte*." LR 42-1(b).

These two matters involve the same common nucleus of operative facts—the alleged defectiveness of a series of roof designs created by RHP Mechanical Systems. RHP is a defendant in both matters. Capitol Specialty Insurance brought the initial action as an assignee to recover insurance payments that it alleges were incorrectly paid. Steadfast asserted a cross claim for equitable subrogation against RHP in the initial action, and then later filed the subrogation action asserting a near-identical claim. It claims it did so "out of an abundance of caution," to avoid a potential statute of limitations issue given that a motion to dismiss the cross claim was pending in the initial action. This court has since denied that motion to dismiss. *See* (ECF No. 151 in the initial case).

The judges on these matters have reviewed the cases and, exercising their discretion, find that consolidation of these actions would aid in the efficient disposition of these cases. The cases have the same operative nucleus of facts, they involve the same parties,[1] and—because the cross claim has been severed in the initial case—there will be no undue prejudice or inconvenience to the parties from consolidation.

. . .

---

[1] The subrogation case is brought against RHP Mechanical Systems and Ray Heating Products, Inc. RHP Mechanical is a named defendant in the initial case, and Ray Heating Products, Inc. is alleged to be a trade name of the same party.

James C. Mahan
U.S. District Judge

- 2 -

Accordingly,

IT IS HEREBY ORDERED that Steadfast's motion to consolidate in 2:20-cv-01382-JCM-VCF (ECF No. 121) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that case number 2:20-cv-01382-JCM-VCF is consolidated with case number 3:22-cv-00335-MMD-CLB. Case number 2:20-cv-01382-JCM-VCF shall serve as the lead case. The parties must file all further filings in the lead case.

IT IS FURTHER ORDERED that case number 3:22-cv-00335-MMD-CLB is reassigned to District Judge James Mahan and Magistrate Judge Cam Ferenbach for all further proceedings.

DATED January 9, 2023.

_____
UNITED STATES DISTRICT JUDGE
2:20-CV-1382 JCM (VCF)


_____
CHIEF UNITED STATES DISTRICT JUDGE
3:22-CV-335 MMD (CLB)

**James C. Mahan**
**U.S. District Judge**

- 3 -